IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REN OCHIAI,** | ) | CASE NO. 1:25 CV 1694 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **GEAUGA COUNTY,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Ren Ochiai filed this action on behalf of himself and his children D.O. and M.O. against Geauga County, Ohio. He filed a previous action in this Court contesting two actions that commenced in the Geauga County Court of Common Pleas: (1) a divorce case involving child custody and child support (*Ochiai v. Ochiai*, No. 12DC001200)("divorce case") and (2) a civil matter involving allegations that Plaintiff was violating sewage code regulations (*Geauga Cty. Bd. of Health v. Ochiai*, No. 15M000948)("septic case"). *See Ochiai v. Geauga County,* No. 1:23 CV 442 (N.D. Ohio Mar. 7, 2024). He alleged the Defendants' actions in the state court proceedings violated his constitutional rights. These actions included issuing unfavorable rulings on motions, denying his repeated requests for appointment of counsel, issuing judgments unfavorable to him, rejecting his court filings, and issuing a warrant for his arrest. He asked this Court to void all of the orders entered in the state cases with which he disagreed, remove the Defendants' jurisdiction over his state cases and expunge them, and impose monetary damages. This Court dismissed *Ochiai v. Geauga County,* No. 1:23 CV 442 on March 7, 2024, stating that it lacked subject matter

jurisdiction to review state court decisions and judgments, and could not interfere with pending state court cases. *Id.* (Doc. No. 8).

Plaintiff has now filed this action, stating that this case is a submission of "the previous case anew" with the addition of greater damages for the passage of time. He appears to have interpreted the Court's prior dismissal as a requirement that he exhaust state court remedies before he can proceed in federal court. He contends that he returned to state court and did not obtain the result he was seeking. He asserts that this Court erred in dismissing his original Complaint and he is therefore refiling it in this pleading. He states that he is dismissing all Defendants except Geauga County but raising the amount of damages. He requests appointment of counsel and asks this Court to issue an Order restraining Geauga County's jurisdiction over his two cases until they can be heard by "a proper jury." (Doc. No. 1 at PageID #: 3).

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). The Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, Plaintiff misinterprets the Court's Memorandum of Opinion and Order in *Ochiai v. Geauga County,* No. 1:23 CV 442 (Doc. No. 8). This was not an instruction to exhaust state court remedies and then return to federal court to litigate his claims. The Court ruled on the merits of his Complaint and determined that dismissal of the Complaint was required because Federal Courts do not have subject matter jurisdiction to review, overturn, or otherwise interfere with state court judgments and decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). These principles still apply. This Court lacks subject matter jurisdiction to review state court decisions, and to restrict their jurisdiction to enforce their orders and judgments in their cases.

In addition, Plaintiff is now also barred by *res judicata* from filing a new case in an attempt to relitigate matters that were decided on the merits in a prior case. He also cannot relitigate matters in federal court that were decided previously by a state court. The term "*res judicata*" literally means "a matter [already] judged." BLACK'S LAW DICTIONARY (11th ed. 2019).

The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id*.

This case is barred by both issue preclusion and claim preclusion. The issues of child custody and Plaintiff's procedural complaints have been addressed by the Geauga County Common Pleas Court. This Court cannot revisit those decisions. This Court must give full faith and credit to those judgments. Plaintiff's claims alleging a denial of constitutional rights in the course of those state court proceedings were addressed by this Court in *Ochiai v. Geauga County,*

No. 1:23 CV 442 (N.D. Ohio Mar. 7, 2024)(Doc. No. 8). Plaintiff cannot relitigate those claims or any other claims that could and should have been asserted in his first action. *Res judicata* bars relitigation of these issues and claims in federal court.

Finally, Plaintiff requests appointment of counsel and contends this Court should appoint counsel first before addressing the merits of his claims. Appointment of counsel in civil cases is not a constitutional right, but a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues that are so novel or complex as to require the assistance of a trained practitioner. *Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). There is no purpose in appointing counsel to represent Plaintiff in this case because, as stated above, this Court lacks subject matter jurisdiction to entertain this case, and it is barred by *res judicata*. Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Lack of subject matter jurisdiction is a non-waivable, fatal defect in a pleading. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). Therefore, Plaintiff's Motion for Appointment of Counsel is denied.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: October 28, 2025

DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE